UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN ANDREW CLARK,

        Plaintiff,

     -v-               1:22-CV-1264

ZACHARY TANNER, NICHOLAS
RYSEDORPH, HUNTINGTON,
and FIELDESEN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

BRIAN ANDREW CLARK
Plaintiff, Pro Se
91 Morgans Lane
Comstock, NY 12821

JOHNSON & LAWS, LLC         GREGG TYLER JOHNSON, ESQ.
Attorneys for Defendants Tanner   HANNAH HYDE HAGE, ESQ.
   and Rysedorph
646 Plank Road, Suite 205
Clifton Park, NY 12065

BAILEY, JOHNSON & PECK, P.C.   JOHN W. BAILEY, ESQ.
Attorneys for Defendant Huntington RYAN P. BAILEY, ESQ.
5 Pine West Plaza, Suite 507     WILLIAM C. FIRTH, ESQ.
Washington Avenue Extension
Albany, NY 12205

BARCLAY DAMON LLP  PAUL A. SANDERS, ESQ.
Attorneys for Defendant Fieldesen
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, NY 14604

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On November 28, 2022, *pro se* plaintiff Brian Andrew Clark ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that the named defendants, who are also alleged to be law enforcement officials, used excessive force against him during three separate incidents that occurred sometime between June 2020 and October 2022. Dkt. No. 1. Along with his complaint, plaintiff sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On January 4, 2023, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application, Dkt. No. 5, and after a careful review of plaintiff's complaint, advised by Report & Recommendation ("R&R") that the excessive force claims be permitted to proceed, Dkt. No. 6. Although Judge Stewart recognized that there were other allegations in plaintiff's pleading in addition to the excessive force claims, the R&R concluded that these other allegations, and any other claims that might arise from them, were subject to dismissal because they were entirely "unclear" and devoid of any "factual detail." *Id.*

On January 26, 2023, this Court adopted Judge Stewart's R&R without an objection from plaintiff. Dkt. No. 7. Plaintiff's excessive force claims were permitted to proceed against defendants Tanner, Rysedorph, Huntington, and Fieldesen. *Id*. Defendants Huntington, Tanner, and Rysedorph—but not defendant Fieldesen—answered plaintiff's complaint. Dkt. No. 21, 24, 28.

Instead, on August 15, 2023, Fieldesen moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's complaint insofar as it alleged any use of excessive force against him. Dkt. No. 62. Plaintiff failed to respond in opposition. *See* Dkt. No. 69. Fieldesen has replied. *Id*.

The motion will be considered on the basis of the available submissions without oral argument.

## II.  BACKGROUND

The following facts are taken from plaintiff's complaint, Dkt. No. 1, and are assumed true for the purpose of assessing the motion to dismiss.

As Judge Stewart noted in his R&R, plaintiff's civil complaint is actually two form § 1983 complaints submitted together. To give some context, these form complaints guide a *pro se* litigant through the salient questions involved in filing a civil action: there are fill-in-the-blank spaces that prompt a litigant to answer some basic questions about the identities of the parties, followed by a short prompt that instructs the litigant to set forth the underlying factual allegations with information about "the events in the order they happened,"

as well as the "dates and places" and "defendants involved," followed by some more blank space to list out the causes of action, and finally a blank area in which to explain the relief (usually in the form of damages) requested.

As Judge Stewart found in the R&R, plaintiff's form § 1983 complaints, when read together, allege what appear to be three separate incidents of excessive force that took place in the time period between June 2020 and October 2022. Compl. at 2, 8–9.[1] The first copy of plaintiff's form § 1983 complaint does not mention defendant Fieldesen at all. *Id.* at 1–2. But the second form § 1983 complaint alleges that "while in Warren County Jail custody SGT Feildesan [*sic*] assaulted me on 10-25-2022." *Id.* at 8.[2]

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the level of speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Pagination corresponds to CM/ECF.

[2] In his list of causes of action, plaintiff's second claim accuses defendant Fieldesen of retaliation. Compl. at 9. To the extent that this freestanding legal conclusion might have initially been considered as an attempt to plead a retaliation claim, it did not survive Judge Stewart's initial review of the pleading, Dkt. Nos. 6, 7, and plaintiff did not timely amend his pleading or otherwise attempt to reassert it, *see* Dkt. No. 13.

662, 679 (2009). In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

## IV. <u>DISCUSSION</u>

First off, plaintiff is proceeding *pro se*. So his filings must be "liberally construed" and "held to less stringent standards than a formal pleading drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (cleaned up); *see also Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (observing that courts must liberally construe pleadings and briefs submitted by *pro se* litigants in a way that raises the strongest arguments they suggest).

Second and relatedly, the fact that plaintiff failed to respond to defendant Fieldesen's motion to dismiss is not necessarily a reason to grant the relief that defendant has requested. "[A]lthough a party is of course to be given a reasonably opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based

on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000); *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010) ("Because a motion under Rule 12(b)(6) presents a pure legal question, based on allegations contained within the four corners of the complaint, the district court is equipped to make a determination on the merits."). As the Circuit cautioned in *McCall*, "[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." 232 F.3d at 323.

Even so, defendant Fieldesen's motion to dismiss must be granted. *Pro se* status confers on an unrepresented party several direct and indirect benefits, typically in the form of extra procedural latitude and a substance-over-form approach to a lawyer-less litigant's less-than-perfect pleading, briefing, and argumentation. But *pro se* status does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

The relevant rule of procedure at issue is the federal plausibility pleading regime, and the relevant rule of substantive law to be applied is the standard governing claims for excessive force against law enforcement officers. The plausibility pleading standard is already set forth above. But the Court must still decide which constitutional provision (and therefore, which body of substantive law) applies to plaintiff's excessive force claim.

"The right not to be subject to excessive force, perhaps most commonly associated with the Fourth and Eighth Amendments, can also arise under the Fourteenth." *Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). Defendant Fieldesen acknowledges that there is nuance in this area of constitutional law but argues that there is no difference between the Eighth Amendment excessive force standard, which governs claims brought by convicted prisoners, and the Fourteenth Amendment legal standard, which governs when the plaintiff is a pre-trial detainee. Def.'s Mem., Dkt. No. 62-4 at 7 n.2.

That was true until relatively recently. But in a case called *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court held that the Fourteenth Amendment's Due Process Clause grants broader protections to pre-trial detainees than the Eighth Amendment's ban on "cruel and unusual punishments" affords to a convicted prisoner. This is because, unlike a convicted prisoner, a pre-trial detainee cannot be "punished" at all. *Edrei*, 892 F.3d at 535.

It is unclear whether plaintiff was a pre-trial detainee or a convicted prisoner at the time of the alleged excessive force incident with defendant Fieldesen. But because *Kingsley*'s standard is more plaintiff-friendly, and because plaintiff is *pro se*, *Kingsley* will be applied for the purpose of analyzing defendant's unopposed motion to dismiss.

Consistent with the Supreme Court's holding in *Kingsley*, then, "[a] § 1983 excessive force claim requires a pretrial detainee to show that the officers' use of force was 'objectively unreasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 494 (N.D.N.Y. 2017).

"This is a fact-specific inquiry guided by considerations that include 'the severity of the security problem at issue,' 'the threat reasonably perceived by the officer,' and 'whether the plaintiff was actively resisting.'" *LaFever v. Clarke*, 525 F. Supp. 3d 305, 322 (N.D.N.Y. 2021) (quoting *Kingsley*, 576 U.S. at 397).

Although this objective-reasonableness standard is "broadly similar to the standard applied in the context of an excessive force claim brought by an arrestee under the Fourth Amendment," *LaFever*, 525 F. Supp. 3d at 334, the distinction between these two constitutional provisions is still important to note, because "many Fourth Amendment decisions relating to the use of force during an arrest turn on factors that have little relevant in the context of force used against a person who has already been taken into custody," *Casiano v. Ashley*, 515 F. Supp. 3d 19, 25 (W.D.N.Y. 2021).

Measured against this more plaintiff-friendly standard, plaintiff has failed to plausibly allege that defendant Fieldesen violated his constitutional rights by subjecting him to excessive force. To be sure, plaintiff alleges defendant

"assaulted" him. Plaintiff also alleges this "assault" happened on October 25, 2022. But that is all plaintiff's pleading says about this interaction with this defendant.

There are a few problems with this kind of brevity. The first is that the word "assault" is essentially just a bare legal conclusion. And because the literal definition of the term "assault" is usually only about causing someone to reasonably *fear* an imminent harm, it is tough to tell from this bare legal conclusion if any degree of force at all was used against plaintiff on the date in question. While there are many non-contact injuries that can give rise to plausible § 1983 claims, the excessive force claims that survived the initial review—no matter the constitutional amendment at issue—require some non-zero amount of force in order to be cognizable.

Of course, the term "assault" is just one of many bits of legal jargon that has entered our modern vernacular. But to a lay person, an "assault" might mean anything from a violent physical encounter to an aggressive verbal exchange. So without factual context to draw from, it is possible to imagine any number of different scenarios between plaintiff and defendant Fieldesen.

This is why our plausibility pleading regime cares so much about the facts underlying a claim. For example, contrast plaintiff's bare legal conclusion of "assault" against defendant Fieldesen with his factual allegations of harm against Tanner and Rysedorph. As to those defendants, plaintiff alleges that

- 9 -

on "June 29, 2021, Tanner and [Rysedorph] used excessive force of [a] Tazer [with] 5 probes [for] 129 sec[onds]" and "refused [him any] medical attention."

To be sure, this factual allegation is not much more descriptive than the bare legal conclusion levied against defendant Fieldesen. But with the help of the special solicitude afforded to *pro se* litigants, from this simple factual allegation it is at least *plausible* to conclude that defendants Tanner and Rysedorph (1) interacted with plaintiff; (2) in a way that involved physical contact, such as the use of a Taser; (3) the force used was of a greater degree than the totality of the circumstances warranted; and (4) plaintiff suffered injury as a result, which required medical attention that he did not receive.

The same cannot be said about plaintiff's allegation against defendant Fieldesen. Even accounting for plaintiff's *pro se* status, one can only conclude that (1) an interaction with plaintiff occurred; (2) on a specific date; and (3) it might or might not have involved physical contact. Absent some minimal level of additional factual detail, this allegation is not enough to move the needle from a "possible" excessive force claim against defendant Fieldesen to a "plausible" excessive force claim against him.

To conclude otherwise would be to relieve plaintiff of his obligation to plead a plausible claim. But because plausibility is the baseline procedural requirement to survive pre-answer dismissal of a claim, Fieldesen's motion to

dismiss must be granted. *Cf. Iqbal*, 556 U.S. at 678 (holding more is required than "an unadorned, the-defendant-unlawfully-harmed-me accusation").

The only question left to consider is whether plaintiff should be given an opportunity to amend his pleading. "Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (cleaned up).

However, leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).[3]

After considering the matter, an opportunity to amend the pleading would be unwarranted as to defendant Fieldesen. To begin with, plaintiff has not requested leave to amend—as noted *supra*, plaintiff has not responded to defendant Fieldesen's motion to dismiss at all.

Although plaintiff did request leave to amend his pleading shortly after the initial review of his complaint was completed, Dkt. No. 12,  Judge Stewart promptly advised plaintiff that he was still free to amend his complaint as a matter of right, Dkt. No. 13.

---

[3] Delay alone is usually not enough of a reason to deny amendment. *See, e.g.*, *Schvimmer v. Office of Court Admin.*, 857 F. App'x 668, 673 (2d Cir. 2021) (summary order).

But plaintiff never took Judge Stewart up on that offer. Instead, with the exception of defendant Fieldesen, the remaining parties answered and went on to discovery, which seems to be nearing its completion. *See* Dkt. No. 73 (finding plaintiff's motion to compel moot, discussing discovery matters, and reiterating that discovery deadline was about two months away).

Thus, in light of the fact plaintiff declined a prior opportunity to amend, failed to respond to defendant Fieldesen's motion to dismiss despite litigating his claims against the other named defendants, and mindful of the reality that plaintiff's excessive force claims against the other three defendants have continued to move forward without delay, the Court declines to *sua sponte* grant plaintiff leave to amend.

## V. **CONCLUSION**

Defendant Fieldesen's motion to dismiss must be granted. Plaintiff has not requested leave to amend, and it would be unwarranted to grant such leave *sua sponte*.

Therefore, it is

ORDERED that

1. Defendant Fieldesen's motion to dismiss is GRANTED;

2. Plaintiff's excessive force claim against defendant Fieldesen is DISMISSED;

3. The Clerk of the Court is directed to terminate the pending motions at Dkt. No. 62 and Dkt. No. 69; and

4. The Clerk of the Court is directed to TERMINATE Fieldesen as a defendant in this action.

IT IS SO ORDERED.

Dated: October 17, 2023
       Utica, New York.

David N. Hurd
U.S. District Judge