UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN ANDREW CLARK,

                Plaintiff,

          -v-                        1:22-CV-1264

ZACHARY TANNER, NICHOLAS
RYSEDORPH, and HUNTINGTON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

BRIAN ANDREW CLARK
Plaintiff, Pro Se
91 Morgans Lane
Comstock, NY 12821

JOHNSON & LAWS, LLC             GREGG TYLER JOHNSON, ESQ.
Attorneys for Defendants Tanner
   and Rysedorph
646 Plank Road, Suite 205
Clifton Park, NY 12065

BAILEY, JOHNSON & PECK, P.C.     JOHN W. BAILEY, ESQ.
Attorneys for Defendant Huntington  RYAN P. BAILEY, ESQ.
5 Pine West Plaza, Suite 507        WILLIAM C. FIRTH, ESQ.
Washington Avenue Extension
Albany, NY 12205

DAVID N. HURD
United States District Judge

## **ORDER DIRECTING CONFERENCE**

On November 28, 2022, *pro se* plaintiff Brian Andrew Clark ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants used excessive force against him during three incidents that occurred sometime between June 2020 and October 2022. Dkt. No. 1. Along with his complaint, plaintiff sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On January 4, 2023, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application, Dkt. No. 5, and after a careful review of plaintiff's complaint, advised by Report & Recommendation ("R&R") that his excessive force claims be permitted to proceed, Dkt. No. 6.[1] The R&R was later adopted without objection on January 26, 2023. Dkt. No. 7.

As a result, plaintiff's excessive force claims were initially permitted to move forward against four defendants: Tanner, Rysedorph, Huntington, and Fieldesen. Dkt. No. 7. And Huntington, Tanner, and Rysedorph answered plaintiff's complaint. Dkt. No. 21, 24, 28. But Fieldesen moved to dismiss the claims against him. Dkt. No. 62. Plaintiff failed to respond to Fieldesen's motion to dismiss, *see* Dkt. No. 69, and Fieldesen was later dismissed from this action on October 17, 2023, Dkt. No. 74.

---

[1] Judge Stewart recognized that there were other allegations in plaintiff's pleading in addition to the excessive force claims, but concluded that these other allegations, and any other claims that might arise from them, were subject to dismissal because they were entirely "unclear" and devoid of any "factual detail."

Thereafter, the remaining defendants sought to depose plaintiff. But the parties could not agree on a location. *See* Dkt. No. 81 (objecting to location of deposition). So Judge Stewart held a conference to sort things out. Dkt. No. 83. There, the parties were finally able to agree to hold plaintiff's deposition at Glens Falls City Hall. *Id*. At that time, Judge Stewart reminded plaintiff of his discovery obligations, including his obligation to attend and participate in the scheduled deposition at Glens Falls City Hall. And Judge Stewart also cautioned plaintiff that his failure to participate in this process may result in sanctions. *See id*. & Text Minute Entries dated November 3, 2023.

So far, so good. But on December 8, 2023, defendants Rysedorph and Tanner moved to dismiss plaintiff's complaint as a sanction for his alleged failure to comply with his discovery obligations or, in the alternative, for an order compelling plaintiff to comply with those obligations. Dkt. No. 87. As these defendants explained, it turns out that plaintiff, accompanied by his mother, had appeared at Glens Falls City Hall for his deposition. But shortly after the deposition began, plaintiff refused to participate and eventually left the premises without returning. In response, plaintiff has filed a one-line letter that says "I, Brian object and ask to move forward." Dkt. No. 95.

Upon review, defendants' motion to dismiss plaintiff's complaint will be denied without prejudice at this time. First, plaintiff was and is proceeding in this action without the benefit of an attorney. So he is entitled to some

baseline measure of solicitude right out of the gate.  Second, the record reflects that plaintiff was "uncomfortable" with Glens Fall City Hall as a location for his deposition.  So it is not a total surprise to learn that he ran into some trouble there.  And third, plaintiff appears to have made a good-faith effort to participate: he appeared, expressed that he was suffering from anxiety, soon refused to continue, and eventually left the building.

Under these somewhat unusual circumstances, the right thing to do is to give plaintiff a second chance.  So the parties will be directed to appear for another conference before Judge Stewart, who will be able to hear everyone out and determine the best course of action going forward.  At that time, the parties should be prepared to discuss any other relevant matters, too.

But mental state and *pro se* status aside, defendants have the right to marshal a defense to plaintiff's claims.  That almost certainly includes the taking of plaintiff's deposition.[2]  So unless he decides to discontinue this action (which he is still entitled to do), plaintiff should expect to participate fully in discovery.  And unless Judge Stewart decides otherwise, that includes a sworn question-and-answer session that gets into the details of the various events about which plaintiff has complained in his complaint.

---

[2] Plaintiff, of course, could also depose defendants if he wanted to do so.

Finally, a word of caution to plaintiff: this is a second chance. But you might not get a third. Failure to participate in the discovery process in this action, or failure to follow the directives of this Court or those that have been, or will be, issued by Judge Stewart, will result in sanctions. Those sanctions may include the dismissal of this case with prejudice. And that would be the end of this civil rights case.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss is DENIED without prejudice to renew;

2. The parties are directed to contact the chambers of U.S. Magistrate Judge Daniel J. Stewart to arrange a discovery conference in this action; and

3. Judge Stewart shall determine the date, time, and manner of plaintiff's deposition, and make any other findings or rulings that he deems appropriate under the circumstances.

The Clerk of the Court is directed to terminate the pending motion.

IT IS SO ORDERED.

Dated: January 10, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge