UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN ANDREW CLARK,

                    Plaintiff,

             -v-                    1:22-CV-1264

ZACHARY TANNER, NICHOLAS
RYSEDORPH, and HUNTINGTON,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

BRIAN ANDREW CLARK
Plaintiff, Pro Se
91 Morgans Lane
Comstock, NY 12821

JOHNSON & LAWS, LLC         GREGG TYLER JOHNSON, ESQ.
Attorneys for Defendants
   Tanner and Rysedorph
646 Plank Road, Suite 205
Clifton Park, NY 12065

BAILEY, JOHNSON & PECK, P.C.    JOHN W. BAILEY, ESQ.
Attorneys for Defendant Huntington   LAURA G. DURHAM, ESQ.
5 Pine West Plaza, Suite 507       RYAN P. BAILEY, ESQ.
Washington Avenue Extension       WILLIAM C. FIRTH, ESQ.
Albany, NY 12205

DAVID N. HURD
United States District Judge

## <u>ORDER DISMISSING ACTION</u>

*Pro se* plaintiff Brian Andrew Clark ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants Tanner, Rysedorph, and Huntington used excessive force against him.[1]  The parties conducted some discovery but could not agree on a good place to take plaintiff's deposition.

On November 3, 2023, U.S. Magistrate Judge Daniel J. Stewart held a discovery conference with the parties and managed to identify what seemed like a mutually agreeable spot: Glens Falls City Hall.  Dkt. No. 83.  During that conference, Judge Stewart reminded plaintiff of his discovery obligations and cautioned him that failing to attend and participate in his scheduled deposition might well result in sanctions.  *See id.*

Thereafter, defendants tried and failed to depose plaintiff at the selected location.  *See* Dkt. No. 87.  Plaintiff, accompanied by his mother, had shown up at City Hall.  *Id.*  But shortly after the deposition began, plaintiff refused to participate any further.  *Id.*  He eventually left and did not come back.  *Id.*

Defendants moved to dismiss the operative complaint, arguing that plaintiff's refusal to participate in his own deposition was a sanctionable discovery violation.  Dkt. No. 87.  Plaintiff opposed dismissal of his case but did not offer a defense of, or an explanation for, his conduct.  Dkt. No. 95.

---

[1] Plaintiff also named as a defendant "Fieldesen," but he has been dismissed.  Dkt. No. 74.

On January 10, 2024, this Court denied defendants' motion to dismiss without prejudice to renew and directed the parties to arrange another discovery conference with Judge Stewart. Dkt. No. 97. Briefly stated, the Court held that plaintiff should get another chance to sit for his deposition in light of the fact that (1) he was and is *pro se*; (2) he had previously expressed some discomfort with the selected location; and (3) he had initially appeared and made something of a good-faith effort to participate. Dkt. No. 95.

In so doing, however, the Court cautioned plaintiff in no uncertain terms that:

> mental state and *pro se* status aside, defendants have the right to marshal a defense to plaintiff's claims. That almost certainly includes the taking of plaintiff's deposition. So unless he decides to discontinue this action (which he is still entitled to do), plaintiff should expect to participate fully in discovery. And unless Judge Stewart decides otherwise, that includes a sworn question-and-answer session that gets into the details of the various events about which plaintiff has complained in his complaint.

Dkt. No. 95. Thus, as relevant here, the Court drew a line in the sand about how much more of this conduct would be tolerated:

> [A] word of caution to plaintiff: this is a second chance. But you might not get a third. Failure to participate in the discovery process in this action, or failure to follow the directives of this Court or those that have been, or will be, issued by Judge Stewart, will result in sanctions. Those sanctions may include the dismissal of this case with prejudice. And that would be the end of this civil rights case.

*Id.*

On January 31, 2024, Judge Stewart tried to hold a telephonic discovery conference in accordance with this Court's second-chance Order.  Dkt. No. 105.  Defendants' counsel appeared at the scheduled time.  *Id.*  But plaintiff did not.  *Id.*  Judge Stewart held the conference open and even directed his Courtroom Deputy to try to call plaintiff's telephone number several more times to get a hold of him.  *Id.*  Those efforts proved fruitless.  *Id.*  Left with no other reasonable options, Judge Stewart agreed to re-schedule plaintiff's deposition for March 15, 2024 in the Albany federal courthouse (which would have to be noticed to plaintiff some other way than by virtue of his presence at the proceeding).  *Id.*  The conference was adjourned.  *Id.*

However, about fifteen minutes after the conference concluded, plaintiff dialed into the hearing.  Dkt. No. 105.  Judge Stewart wrangled defendants' counsel back onto the line and resumed the proceeding.  *Id.*  As relevant here, Judge Stewart explained to plaintiff that he was going to get <u>one more chance</u> to sit for his deposition.  *Id.*

Although Judge Stewart recognized that the Albany federal courthouse was a long drive for plaintiff (who did not own a vehicle but said he had access to one), Judge Stewart concluded that—in light of the previous false

starts—the best thing to do would be to hold the deposition on the Court's

own turf:

> THE COURT: I'm going to feel more comfortable here
> in federal court, you know, having it in one of our
> conference rooms up on the fifth floor. Then if for any
> reason, you feel uncomfortable or there's an issue, I
> can be present, come down and resolve it, because this
> is your final opportunity to complete this deposition.

Dkt. No. 105 at 6–7.

Long story short, plaintiff's deposition was set for March 15, 2024 at 10:30

a.m. at the federal courthouse in Albany. Dkt. No. 105 at 7. Judge Stewart

issued a text order confirming the exact address and time and requiring

plaintiff's presence <u>in person</u>. Dkt. No. 102. Plaintiff failed to show up.[2]

Now defendants have again moved to dismiss as a sanction for plaintiff's

repeated discovery violations, and in particular his refusal to appear for the

re-scheduled deposition. Dkt. No. 109, 114. Plaintiff has not opposed, and

the time period in which to do so has expired. *Id*.; *see also* Dkt. Nos. 113, 116.

Upon review of the briefing in light of the governing law, and based on the

Court's familiarity with this action, defendants' motions must be granted. In

particular, a lesser sanction than outright dismissal would be inappropriate

---

[2] The parties held the record open until 11 a.m. *See* Dkt. No. 109-4. There is some suggestion that plaintiff may have contacted one or more of the defendants' attorneys later that day. *See* Dkt. No. 109-6 at 7. Although there is no further explanation about the substance of that communication, there is no question that plaintiff failed to appear at his scheduled deposition. And plaintiff has not opposed defendants' motions to dismiss or filed anything with the Court to try to explain or justify his latest conduct. Enough is enough.

under the circumstances.  As defendants note, plaintiff's sworn testimony will play a central role in the proof of his § 1983 claims, which involve claims of excessive force.  His repeated failure to meaningfully participate in this important component of discovery has led this Court and the parties to at least two rounds of motion practice.  Plaintiff has not participated in this second round of briefing, and therefore has not offered any reason to think a third chance might be justified.

Therefore, it is

ORDERED that

1.  Defendants' motions to dismiss (Dkt. Nos. 109, 114) are GRANTED;

2.  Plaintiff's complaint is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated:  May 10, 2024
         Utica, New York.

David N. Hurd
U.S. District Judge